Filed 8/18/15  P. v. Trusty CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063101 |
| v. | (Super.Ct.No. FSB1202938) |
| ALAN JOHNSON TRUSTY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian S. McCarville, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On January 31, 2013, defendant Alan Trusty pled no contest to one count of obtaining welfare assistance in an amount in excess of $950 by misrepresenting a material fact (Welf. & Inst. Code, § 10980, subd. (c)(2)) and one count of making a

1

fraudulent claim (Pen. Code, § 72).[1] Defendant also admitted a prior strike conviction. He was sentenced to a total term of five years and four months as follows—the middle term of two years on the misrepresentation count, doubled to four years for the strike prior, plus eight months on the fraud count, doubled to sixteen months for the strike prior.

On November 4, 2014, voters enacted Proposition 47, which became effective the next day. (Cal. Const., art. II, § 10, subd. (a).) The focus of Proposition 47 was to render misdemeanors a class of specified drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. Proposition 47 also created a new resentencing provision—section 1170.18—by which a person currently serving a felony sentence for a specified offense that is now a misdemeanor may petition for a recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in subdivision (a) of section 1170.18 shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b).)[2]

On January 7, 2015, defendant filed a motion to recall his sentence pursuant to Proposition 47. The superior court denied the petition on February 6, 2015, on the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Proposition 47 also created a process whereby eligible persons who have already completed their sentences may have the particular conviction or convictions designated as misdemeanors. (§ 1170.18, subds. (f), (g).)

2

ground that "Petitioner does not satisfy the criteria in Penal Code section 1170.18 and is not eligible for resentencing."  This appeal followed.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

As noted above, Proposition 47 makes specified drug- and theft-related offenses misdemeanors unless the offenses were committed by certain ineligible defendants. These offenses had been previously designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).  However, neither of defendant's convictions is listed in section 1170.18 as being eligible for recall of sentence. As such, defendant was not eligible to be resentenced under section 1170.18.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

3

**DISPOSITION**

The order denying defendant's petition for resentencing under section 1170.18 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

MILLER _____
J.

CODRINGTON _____
J.